UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHELSY LYNCH, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>SUTTEL & HAMMER, PS, a Washington corporation and licensed collection agency,<br><br>Defendant. | Case No. C23-572-RSM<br><br>ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Chelsy Lynch ("Plaintiff")'s Motion for Partial Summary Judgment, Dkt. #18, and Defendant Suttel & Hammer, PS, ("Defendant")'s Motion for Summary Judgment, Dkt. #20. Neither party has requested oral argument. For the following reasons, the Court DENIES Plaintiff's Motion and GRANTS Defendant's Motion.

## II. BACKGROUND

Unless otherwise stated, the following facts are adopted from Plaintiff's Complaint, Dkt. #1.

In November of 2021, Defendant filed a debt collection lawsuit against Plaintiff in Snohomish County District Court. Plaintiff was represented by counsel, attorney Peter Schneider, in this case. After Defendant took no action in the case for over a year, the case was dismissed for failure to prosecute in December of 2022. On or around March 10, 2023, Defendant filed a new debt collection lawsuit in Snohomish County District Court for the same debt as the previous suit. Plaintiff became aware of this lawsuit on March 17, 2023, and called Defendant that same day. Plaintiff spoke with Defendant's employee, Mr. Boris Sagal. Upon confirming her identity and case number, Mr. Sagal refused to speak with Plaintiff, stating that Defendant's records showed that she was represented by an attorney in the matter, said attorney had already filed an answer, and he could not speak to Plaintiff about her debt because she was represented. Plaintiff told Mr. Sagal she was not represented regarding the current lawsuit. Mr. Sagal told Plaintiff either her attorney must send a revocation letter or Plaintiff should send a letter of non-representation to Defendant. Dkt. #18 at 4. Plaintiff attempted to contact Defendant's attorney who signed the complaint in the lawsuit, but she received no response to her email. Plaintiff then called her former attorney who represented her on the original dismissed lawsuit, Peter Schneider. Plaintiff and Attorney Schneider phoned Defendant together, spoke with Mr. Sagal, and were ultimately transferred to speak with Defendant's attorney. Dkt. #20 at 3. At this point, Plaintiff had requested Attorney Schneider represent her in the current debt collection lawsuit. Attorney Schneider, that day, served Defendant with a formal notice of appearance. All of these actions occurred within a few hours, between 9:34 a.m. and 12:49 p.m. on March 17, 2023.

Plaintiff alleges that Defendant's refusal to speak with her about the second debt collection lawsuit was prohibited behavior meant to confuse and intimidate Plaintiff. Pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692) ("FDCPA"), the Washington

Collection Agency Act ("WCAA") via enforcement through the Washington Consumer Protection Act ("WCPA"), Plaintiff seeks injunctive relief, actual damages (including treble damages), statutory damages, an immediate stay of the Snohomish County District Court case, attorney's fees and costs, and any other relief deemed proper by this Court. Defendant has also filed for Summary Judgment, requesting dismissal of claims. Dkt. #20.

## III. DISCUSSION

### A. Legal Standard

Summary Judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 5547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the non-moving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

//

//

**B. Analysis**

Given the similarity of Plaintiff's federal and state CPA claims, the Court collectively analyzes these claims below.

To bring a claim under the FDCPA, a plaintiff must show that: "(1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the 'debt' is a 'debt collector' as defined in the act, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the act." *Quintanilla v. Bureaus, Inc.*, 2019 WL 3028104, at *2 (W.D. Wash. July 11, 2019) (quoting *Yrok Gee Au Chan v. N. Am. Collectors, Inc.*, 2006 WL 778642, at *3 (N.D. Cal. Mar. 24, 2006)).

Plaintiff brings Counts 1 and 2 of her Complaint under the FDCPA, 15 U.S.C. § 1692e-f. Plaintiff argues Defendant's insistence that she was represented by an attorney, that her attorney had filed an answer, that Defendant could not speak with her about her debt, and that Defendant needed written confirmation she was not represented violated these provisions. Dkt. #1 at 4-5. Defendant contends that the statute and ethics rules prohibit Defendant from speaking to consumers about their debts if they are represented by counsel, thus in an abundance of caution, Defendant's employee "took the high road" by not seeking to take advantage of Plaintiff and by making sure she was or was not represented by an attorney. Dkt. #20 at 6.

Subsection e, "False or misleading representations," prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collections of any debt." 15 U.S.C. § 1692e. Plaintiff specifically alleges that Defendant violated the statute by falsely representing the character, amount, or legal status of her debt (§ 1692e(2)) and threatening to take action that Defendant could not legally take (§ 1692e(5)). Under subsection f, "Unfair practices," debt collectors are prohibited from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

Subsection c, "Communication in connection with a debt," governs when debt collectors may communicate with consumers:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collections of any debt . . .
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

15 U.S.C. § 1692c.

Like the FDCPA, to bring claims under the WCAA and WCPA, a plaintiff must show: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

From the same communications with Defendant, Plaintiff alleges violations of Washington law for: (1) the unauthorized practice of law; (2) for communications in a manner that were harassing, intimidating, threatening, or embarrassing to Plaintiff; and (3) for taking actions Defendant could not legally take at the time the "threat" was made. Dkt. #1 at 5-8.

The Court agrees with Defendant and finds no violations of the above federal and state provisions. The debt at issue was the same debt from the previous suit in state court, where Plaintiff was represented by counsel. The Court finds it reasonable that Defendant and its employee continued to believe Plaintiff was represented concerning the same debt. *See Sylvester v. Merchants Credit Corp.*, 2019 WL 6728854 at *2 (W.D. Wash. 2019) (finding that a debt collector knew plaintiffs were represented by counsel because plaintiffs were represented by counsel concerning the underlying debt in state court). This, as the various CPA and WCAA provisions set out, protected Defendant from making prohibited *ex parte* communications,

protected Plaintiff's interests, and caused nothing more than a three-hour clarification of communications. The Court finds no genuine issue of material fact as to any false, misleading, unauthorized, or unconscionable practices by Defendant in connection to collecting a debt. Accordingly, the Court shall grant summary judgment to Defendant with respect to all of Plaintiff's claims.

## IV. CONCLUSION

Having reviewed the parties' filings and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Summary Judgment, Dkt. #18 is DENIED. Defendant's Motion for Summary Judgment, Dkt. #20, is GRANTED. Plaintiff's claims against Defendant are DISMISSED. This case is CLOSED.

DATED this 14th day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE